IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 3:14-CR-115 |
| v. | ) | (VARLAN/GUYTON) |
| | ) | |
| JOSE MEDINA GARCIA and, | ) | |
| ADALBERTO TORRES | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on March 3, 2015 for disposition of Defendant Garcia's Motion to Continue Trial Date [Doc. 32]. Defendant Torres joined the motion orally during the hearing. Shannon Green was present for the Government. Attorney Jonathan S. Wood represented Defendant Torres and Attorney Benjamin G. Sharp represented Defendant Garcia, both of whom were present.

The Court finds the Defendants' Motion, [Doc. 32], to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The trial is currently set for March 3, 2015 at 9:00 a.m. before District Judge Thomas A. Varlan. However, the Defendants submitted a Motion to Suppress [Doc. 22] on November 5, 2014. The Court held a motion hearing on December 23, 2014 and gave the Defendants leave to file post-hearing briefs and memoranda by January 30, 2015. [Doc. 27]. The Government was granted leave to file responses two weeks after the filing of Defendants' post-hearing briefs. [Id.]. These deadlines passed on February 13, 2015, and the

1

Court has yet to issue an order on the Motion to Suppress. Therefore, the Court finds that the Defendants could not be ready for trial by March 3, 2015, or in less than five months. Thus, the Court finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendants' Motion to Continue [Doc. 32] the March 3, 2015 trial date is **GRANTED**. The trial of this matter is reset to **May 5, 2015**. The Court also finds that all the time between the **March 3, 2015** hearing and the new trial date of **May 5, 2015**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(7)(A)-(B). The Court set a final pretrial conference for **April 22, 2015 at 1:30 p.m.** This date shall also be the deadline for concluding plea negotiations. The Court instructs the parties that all motions *in limine* must be filed no later than **April 21, 2015**. Special requests for jury instructions shall be submitted to the District Judge no later than **April 27, 2015**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED:**

> (1) The Defendants' Motion to Continue Trial Date **[Doc. 32]**, is **GRANTED**;
>
> (2) The trial of this matter is reset to commence on **May 5, 2015**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;
>
> (3) All time between the hearing on **March 3, 2015** and the new trial date of **May 5, 2015**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;
>
> (4) A pretrial conference before the undersigned is set for **April 22, 2015 at 1:30 p.m.** This date is also the deadline for concluding plea negotiations;

(5) Motions *in limine* must be filed no later than **April 21, 2015**; and

(6) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **April 27, 2015**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge